**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Adams, | No. CV-25-08159-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Zurich American Insurance Company, et al., | |
| Defendants. | |

Defendant Zurich American Insurance Company removed this case from Yavapai County Superior Court and the case was assigned to the Prescott division. (Doc. 1.) Zurich then filed an answer and a motion seeking dismissal based on improper venue. (Doc. 1, 3, 4.) Zurich's motion is denied. This order also provides the court's preliminary policies and procedures and requires the parties file a Joint Case Management Report.

Plaintiff Joseph Adams was seriously injured in a motor vehicle accident in Maricopa County. Adams resides in Yavapai County and filed this suit in Yavapai County Superior Court alleging he was entitled to the proceeds of an insurance policy obtained by defendant Velv LLC from Zurich. In moving to dismiss Adams's complaint, Zurich argues Adams did not allege sufficient "venue facts" authorizing suit in Yavapai County Superior Court. (Doc. 4 at 1.) Based on that failure, Zurich argues "[p]laintiff's asserted venue does not meet the requirements of 28 U.S.C. § 1391 and this matter should be heard in the United States District Court, District of Arizona, Phoenix Division." (Doc. 4 at 2.) Zurich also requests Adams "take nothing by his Complaint" and "that this matter be adjudicated in the United States District Court, District of Arizona, Phoenix Division." (Doc. 4 at 3.)

To the extent the court can understand Zurich's motion, it appears to be premised on a misunderstanding of the governing statutes. "Venue in cases removed from state court [is] governed by 28 U.S.C. § 1441, rather than 28 U.S.C. § 1391, which is the general venue statute." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000). So "once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001). Zurich's argument that Adams has not met "the requirements" of § 1391 is therefore inapplicable in this removed case. (Doc. 4 at 2.)

Zurich's motion might be interpreted as requesting the complaint be dismissed and Adams be required to file a new complaint in the Phoenix division. But if that is Zurich's intent, there is no legal basis to require such actions. Assuming diversity jurisdiction exists, Adams is free to file suit in state or federal court and this court cannot prohibit him from filing suit in state court. Alternatively, if Zurich's motion is an attempt to argue this case is assigned to the wrong division, a motion to transfer—not a motion to dismiss—is the appropriate method of obtaining relief. *Id.* at 1300.

**IT IS ORDERED** the Motion to Dismiss (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** the parties are advised of the following preliminary policies and procedures that will govern these proceedings:

<u>Governing Rules</u>

Both counsel and *pro se* litigants must abide by the <u>Rules of Practice of the U.S. District Court for the District of Arizona</u> ("Local Rules") and the <u>Federal Rules of Civil Procedure</u>.

<u>Disclosure Statements</u>

Full compliance with Federal Rule of Civil Procedure 7.1 is required by plaintiff(s) and defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement

identifying the citizenship of "every individual or entity whose citizenship is attributed to that party." A Corporate Disclosure Statement form is available at https://www.azd.uscourts.gov/forms/disclosure-statement.

### Service Deadline

Service of the summons and complaint on each defendant located in the United States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement because absent proof of service, the court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the court will dismiss this action, without further notice to plaintiff(s), with respect to any defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

### Forms of Papers

The parties shall adhere to all of the requirements of Local Rule 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. Citations supporting any textual proposition shall be included in the text, not in a footnote.

Notices of supplemental authority and responses to those notices are limited to 350 words excluding case captions and signature blocks.

### Paper Courtesy Copies

Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a) pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that

Proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to Lanham_Chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, the words "proposed order for [name of motion]," and an indication of whether the motion is opposed or unopposed if this is not otherwise apparent from the name of the motion.

### **Rule 12 Motions Are Discouraged**

Any motion under Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. The court therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the movant confer with the opposing party to determine whether such motion can be avoided; and (2) the movant attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. *See also* Local Rule 12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals and certificates filed before the complaint was amended. Any motion lacking the required certification may be summarily stricken.

Multiple defendants represented by the same counsel may not file separate Rule 12 motions. Defendants represented by the same counsel who wish to file a Rule 12 motion must file a single joint motion that includes all arguments applicable to any defendant.

### **Protective Orders**

The court's standard protective order is available is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Lanham, Krissa M. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the court's review. In that case, all

language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers. The parties are reminded that the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not mean the court will automatically order that filings containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

**Motions to Seal**

Local Rule 5.6 governs sealing of court records in unsealed civil actions. Every motion to seal, including stipulations pursuant to Local Rule 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The stringent "compelling reasons supported by specific factual findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Merely noting that a document was designated confidential by a party will not satisfy any applicable legal standard for sealing.

Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to Local Rule 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.

**Emergencies and Expedited Consideration**

Any party desiring expedited consideration of a motion or other matter pending before the court may make such a request by filing a separate *Notice for Expedited Consideration* accompanied by a certificate from counsel for the moving party or, if unrepresented, the moving party. The certificate must set forth the following: 1) the facts establishing the need for expedited resolution; 2) the dates of the imminent events pertinent to the request; 3) whether the motion or request for expedited consideration could have

been filed earlier; and 4) when or how the moving party will provide notice to all other parties and the other parties' positions on the motion. A request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered—a separate notice and certificate must be filed.

**Requests to Reschedule Court Dates**

The court interprets Local Rule 7.3(b) as applying to requests to reschedule court dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the court at least three dates/times when all counsel are available for rescheduling purposes.

**Noncompliance**

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.").

**IT IS FURTHER ORDERED** unless the court orders otherwise, on **October 31, 2025**, the Clerk of Court shall **terminate** without further notice any defendant in the United States that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED**:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case

- 7 -

Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1.  The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2.  A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3.  Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4.  A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;

5.  The names of any parties not subject to the court's personal (or *in rem*) jurisdiction;

6.  A description of the basis for the court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;

7.  A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;

8.  A listing of contemplated motions and a statement of the issues to be decided by those motions;

9.  Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

10. The status of any related cases pending before this or other courts;

11. A discussion of any issues relating to preservation, disclosure, or discovery

of electronically stored information ("ESI"), including the parties'
preservation of ESI and the form or forms in which it will be produced;

12. A discussion of any issues relating to claims of privilege or work product;

13. A discussion of necessary discovery, which should take into account the
December 1, 2015 amendments to Rule 26(b)(1) and should include:

    a.    The extent, nature, and location of discovery anticipated by the parties
and why it is proportional to the needs of the case;

    b.    Suggested changes, if any, to the discovery limitations imposed by the
Federal Rules of Civil Procedure;

    c.    The number of hours permitted for each deposition. The parties also
should consider whether a total number of deposition hours should be
set in the case, such as twenty total hours for plaintiffs and twenty
total hours for defendants. Such overall time limits have the advantage
of providing an incentive for each side to be as efficient as possible in
each deposition, while also allowing parties to allocate time among
witnesses depending on the importance and complexity of subjects to
be covered with the witnesses;

14. Proposed deadlines for each of the following events. In proposing deadlines,
the parties should keep in mind the Case Management Order will contain
deadlines to govern this case and once the dates have been set the court will
vary them only upon a showing of good cause. A request by counsel for
extension of discovery deadlines in any case that has been pending more than
two years must be accompanied by a certification stating the client is aware
of and approves of the requested extension. The court does not consider
settlement talks or the scheduling of mediations to constitute good cause for
an extension. The parties must propose the following:

    a.    A deadline for the completion of fact discovery, which will also be
the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This

deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the court will not entertain discovery disputes after this deadline;

b.    Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

c.    A deadline for completion of all expert depositions;

d.    A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

e.    A deadline for filing dispositive motions;

f.    Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

g.    A date by which the parties shall have engaged in face-to-face good faith settlement talks;

h.    Whether a jury trial has been requested and whether the request for a jury trial is contested, setting forth the reasons if the request is contested;

i.    Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1;

15.    A statement indicating whether the parties would prefer that the court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

/

/

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Lanham_Chambers@azd.uscourts.gov.

Dated this 5th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge